## RIGGS *v.* JONES.

*Atkinson, J.*—1. The vendor's equitable lien for the purchase money of land having been abolished, the vendee of land to whom the same was absolutely conveyed by the vendor—the latter taking no mortgage or other security upon the land conveyed—could, before paying the purchase money, lawfully convey the land to another at any time before the purchase money debt had been reduced to judgment, or an attachment for the same had been actually levied upon the land; and this is true, although the effect of such conveyance might be to defeat the collection of the purchase money.

2. In the present case, the only legitimate and proper conclusion which could be drawn from the evidence was that there had been an actual *bona fide* sale by the vendee of the plaintiff in execution to a third person and by the latter to the claimant before the attachment for purchase money was levied. Consequently, there was no error in directing a verdict for the claimant.                           *Judgment affirmed.*

February 7, 1896.

Levy and claim. Before Judge Smith. Bulloch superior court. January term, 1895.

An execution in favor of Caroline V. Riggs against Daniel R. Woods was levied on land, and a claim was interposed by Henry B. Jones. The court directed a verdict

for the claimant.   The levy was made on March 6, 1894, upon 175 acres in the 1209th district, G. M., of Bulloch county, bounded north and east by Joel Newsom, south by E. Barnes, and west by land of Calvin Woodrum.   The claim was to 100 acres more or less, in the 1209th district G. M., of Bulloch county, bounded by lands of estate of Joel Newsom, south by Jas. S. Tillman, south by E. Barnes and E. C. Mosley, east by C. Woodrum.   It appears from the evidence, that on October 3, 1892, Daniel R. Woods conveyed by deed to H. S. Blitch a tract of land in the 1209th district G. M., of Bulloch county, containing 100 acres more or less, bounded north by lands of E. Barnes, east by land of Joel Newsom, south by lands of E. Barnes and lands known as J. C. Woodrum place.   Later on the same day an attachment for purchase money was sued out in behalf of Caroline V. Riggs v. Daniel R. Woods, and on the next day it was levied on the land described in the affidavit and writ, to wit: 175 acres of land in the 1209th district G. M., of Bulloch county, bounded north and east by lands of Joel Newsom, south by E. Barnes, west by lands of Calvin Woodrum; the entry of levy reciting legal notice given to D. R. Woods, defendant, in possession.   Upon the attachment docket in the office of the clerk of the superior court, appeared an entry by the sheriff, of the attachment case, with date and hour of levy, etc., describing the land as in the entry of levy on the attachment writ, which writ was filed in the clerk's office on the same day the levy was made.   On the day that the deed from Woods to Blitch was made, and before the issuance of the attachment, a transfer was entered on said deed, from Blitch to the claimant, of all right, title and interest in the land described in the deed, for value received; which transfer was witnessed as a deed.   Three days afterwards, upon hearing of the issuance of the attachment, claimant went to Blitch, had him to cancel the entry of transfer, and took from him a warranty deed bearing the same date as the deed from

Woods to Blitch, conveying one tract of land in the 1209th district G. M., of Bulloch county, bounded north by lands of E. Barnes, east by lands of Joel Newsom, south by lands of E. Barnes, and west by the J. C. Woodrum place; not stating the number of acres. This deed was filed for record on the day it was actually executed; the deed from Woods to Blitch was filed one day later; both were recorded on October 8, 1892. Blitch testified, that he bought the land in question from Woods on October 3, 1892, in good faith, and had no notice of the attachment; sold to claimant on the same day; did not buy until he had arranged to sell to claimant; the deed to claimant, though in fact made on October 6, was dated October 3, because witness had sold to him on that day. Claimant testified similarly, denying that he had any knowledge of the attachment until after he bought the land; and adding that he and Blitch swapped places, he giving Blitch the place he held under bond for title for the one in question.

*H. B. Strange* and *R. L. Moore*, by *Hines & Hale*, for plaintiff. *Brannen & Moore*, contra.